## *ABERT* vs. *BAYON.*

Failure of plaintiff to comply with a condition precedent, may be taken advantage of on the general issue.

APPEAL from the court of the second district.

PORTER, J. delivered the opinion of the court. The parties to this suit were partners, or rather owners in common of various objects, and particularly of a tract of land or plantation situate in the parish of Lafourche. Difficulties arose in regard to the division of this property, and they terminated by a *transaction*, according to which it was agreed, the plantation should be sold on a credit of one, two, and three years.

A public sale took place in pursuance of this

agreement, at which sale the petitioner became
the purchaser of the plantation; at that time in the possession of the defendant, but which by the terms of the sale he bound himself to deliver on the first of January, then next ensuing.

The petition states that the defendant illegally and tortiously refused to deliver to the plaintiff the property which she had purchased; and that since the period of his refusal the buildings and improvements have been consumed by fire. She prays the sale may be rescinded, and that she may have judgment for the sum of $8000, the damages sustained by her in consequence of the failure of defendant to comply with his contract.

The defendant pleads,

1. That by the 22d article of the transaction referred to in the plaintiff's petition, the present cause of action, if any exist, ought to be decided, and alone inquired into by arbitrators; and that the defendant has been always ready to answer before that tribunal which alone has authority in the premises.

2. That the matters and things now at issue, have been already decided between the parties.

3. And lastly, that all the allegations in the petition are untrue.

ABERT
*vs.*
BAYON.

The cause was submitted to a jury who found for the plaintiff, and assessed her damages at $3000. The defendant appealed.

Various points have been made in this court by the counsel for appellant, we find it unnecessary to notice any, but that, which compels us to remand the cause.

By the fifth bill of exceptions it appears the defendant offered to prove the refusal of the plaintiff to furnish endorsed notes for the amount of the purchase money of the plantation; which testimony was rejected by the court.

The reasons for this decision are not given in the bill of exceptions, but we learn from an opinion delivered by the judge on a motion for a new trial, that he refused to admit the proof offered, because it was not pertinent to the issue joined between the parties. That if the defendant intended to rely on any matter which justified his non-compliance with the contract, he had entered into: such matter should have been specially pleaded.

The petition states the plaintiff purchased property at a public sale made in consequence of a *transaction* between her, and the defendant; that he agreed to deliver it; that he failed or

refused to do so; and that in consequence of this failure she has been injured to the amount of $8000.

The answer denies generally, and specially, all and singular the facts and allegations in the petition; and denies the defendant is indebted in manner and form as is alleged, or in any other.

The *transaction*, the sale, the failure to deliver, and the damages ensuing thereon, are therefore all put at issue by this answer; and all were necessary to be proved to enable the plaintiff to recover.

The *transaction* and the *process verbal* of adjudication were both produced. The latter states, a sale was made on the 23d of June, 1822, on account of A. Bayon (plaintiff) and veuve Lewis Bourdier (defendant) and the conditions on which it was made, among others were the following: "The plantation to be delivered on the first of January next, the purchasers specially mortgaging the immoveables, and giving their notes endorsed to the satisfaction of the sellers." By the 45th article of the *transaction*, it is declared the purchasers shall not receive possession of the property sold at auction, until they state who are their endor-

sers, and such endorsers are approved; and by the 42d article it is expressly stipulated, that if either of the parties to the agreement shall purchase at auction, they must do so on the conditions prescribed for third parties.

According then to the evidence introduced by the plaintiff, and necessarily introduced by her, for without it she would not have established even the cause of action set out in the petition; certain things were necessary to be done by her before she could claim a delivery of the premises: in other words, there was a condition precedent to be performed by her, before the obligation on the part of the defendant became complete.

The question then presented for our decision is, whether the defendant can take advantage of this condition without specially pleading it?

It might perhaps be sufficient in support of his right to do so, for him to urge, that if this case is to be decided by strict & technical rules of pleading, the first fault was committed by the plaintiff. It being a well established doctrine, that where the right of action depends on a condition precedent, its accomplishment should be set out in the declaration; otherwise if the right is once vested and defeated by matter *ex post facto*.    6 *Bac. ab.* 339, 7 *Co.* 10.

If under the liberal mode of practice wisely
established in this state, such strictness be not
necessary, still the rights of the parties under
the evidence offered, are not the least altered,
or impaired; and they have the same right to
insist at the trial, that the plaintiff has failed to
show a cause of action; that they would have
under a more technical system by taking ad-
vantage of it in pleading.

The judge of the district court in the opinion
delivered by him on the motion for a new trial,
seems to have considered, nothing to have been
put at issue but the averments in the petition;
and that what the defendant relied on, was mat-
ter of avoidance which should have been spe-
cially set up.

The judge was correct in saying, that nothing
but the averments in the petition were put in
issue.   But that petition avers a sale, positive,
and unconditional.   The proof introduced
shows a conditional one.   The defendant might
perhaps have objected to the variance, but if
he chose to admit it, it was received with all
legal consequences that flowed from it; as
proof the defendant promised to deliver the
plantation; but as proof too, that he was not to

ABERT
vs.
BAXON.

deliver it until the plaintiff should comply with the condition expressd therein.

The judge therefore, though correct in considering that nothing was put at issue but the averments in the petition, erred in the effect which he gave to the evidence by which those averments were supported. And he particularly erred in imagining this was special matter in avoidance, which should have been set out in the answer. Matters in avoidance acknowledge the obligation to have once existed' by averring these matters to have discharged it. They cannot therefore be given in evidence under the *general issue*, because *by it* the plaintiff only comes prepared to prove the defendant made such a contract as is alleged.— But in this instance the appellant does not rest his defence, on the fact that his obligation to deliver the land, was discharged by matters and things which avoid it. He insists that up to the moment of trial, *no obligation had existed on his part to deliver it*, because an act necessary to create that obligation had not yet been performed by the plaintiff. This we are satisfied he should have been permitted to shew under the general issue, either by relying on the evi-

dence introduced by plaintiff, or by any other proof in his power.

It is therefore ordered adjudged and decreed, that the judgment of the district court be annulled avoided and reversed; and it is further ordered, adjudged and decreed, that this cause be remanded for a new trial, with directions to the district judge not to reject evidence of the defendant to shew the plaintiff refused to furnish endorsed notes for the amount of the purchase money of the plantation; and it is further ordered, adjudged and decreed, that the appellee pay the costs of this appeal.

*Cuvillier* for the plaintiff, *Morel* for the defendant.